IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 APR 18 A 10:08

CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

CHONG SU YI,      *

     *

     Plaintiff,      *

v.      *      Case No.: GJH-16-970

     *

MONTGOMERY COUNTY DEPARTMENT
OF HEALTH AND HUMAN SERVICES,      *

     Defendant.      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

The above-captioned Complaint was filed on April 1, 2016, ECF No. 1, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. The Complaint, titled as a "Writ of Mandamus," characterizes the facts and arguments in his case as follows:

> Montgomery County Maryland through Health and Human Services; HHS; has County Bets Interest to provide shelter. It provides hyperthermia; through Progress Place in Silver Spring Maryland. As of April 1st 2016; it stop providing place to sleep; overnight, till October 31st 2016.
>
> \*\*\*\*
>
> County provide shelter, shelter defined; event at stretch of imagination; is cover or protection. Hyperthermia is weather; temperature; so when heat rises above 100F there is no cover; only in cold; it violates due process of the law; clothes is cover; County provides cover for clothes; county provides noise protection; any loud noise after 10pm is against the county ordinance. Sleep is also cover and protection; during sleep from elements; even during summer; County violated State's right to categorize under first amendment. It need to provide cover protection of sleep even during summer.

ECF No. 1 at 2–3.

Plaintiff seeks an injunction directing Montgomery County to keep Progress Place open and to accommodate sleeping arrangements. *Id.* at 3.

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed in forma pauperis if the court determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). As noted by Judge Hollander:

> To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.*; *see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Cruz v. Beto*, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972), and must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93.
>
> However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W. Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

*Harris v. Janssen Healthcare Prods.*, No. ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. Additionally, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.

2

However, this Court has no mandamus jurisdiction over county employees and cannot compel a Maryland county to provide Plaintiff the relief he seeks. *See Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 586–87 (4th Cir. 1969). Accordingly, Plaintiff's case is DISMISSED. A separate Order follows.

Date: April __, 2016

_____
GEORGE J. HAZEL
United States District Judge